IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YUSIF ALIYEV,<br><br>*Petitioner*,<br><br>v.<br><br>LEONARD ODDO, *et al*,<br><br>*Respondents*. | Civil Action No. 3:26-cv-1381<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 10). Petitioner, a citizen of Azerbaijan, is currently detained at Moshannon Valley Processing Center ("MVPC"). He entered the United States on or about May 2022 without legally required U.S. immigration documents, was detained by officials at the border, and was thereafter paroled into the United States. He was taken into custody by U.S. Immigrations and Customs Enforcement ("ICE") in October 2025. After a full-merits hearing in December 2025, Petitioner was granted withholding of removal to his home country of Azerbaijan pursuant to the Convention Against Torture Act. Petitioner's removal order has been administratively final since January 15, 2026.

Petitioner had one prior habeas petition before the Court. On April 1, 2026, Petitioner filed an amended petition for writ of habeas corpus and a motion for injunctive relief at Civil Case No. 3:26-cv-00556. He alleged that ICE's April 1, 2026, decision to continue Petitioner's detention was factually and legal deficient, arbitrary and capricious, and that his removal was not practicable or reasonably foreseeable. (Civil Case No. No. 3:26-cv-00556, ECF Nos. 3 and 7). The Court denied that petition, finding Petitioner's detention reasonable. Further, it noted that

the six–month presumptively reasonable period of immigration detention recognized in *Zadvydas v. Davis*, 533 U.S. 678 (2001), would end on or about July 15, 2026, and acknowledged that Petitioner could seek relief at that time by way of a newly filed petition if his detention continued beyond that date. (Civil Case No. No. 3:26-cv-00556, ECF No. 13).

The instant petition was filed on July 23, 2026. (ECF No. 10). Petitioner argues that his ongoing detention violates both the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6), and the Due Process Clause of the Fifth Amendment to the United States Constitution. (*Id*.). He seeks, among other relief, his immediate release from custody. (*Id*.). Respondents claim that the Petition should be denied arguing it is an abuse of the writ, administrative remedies have not been exhausted,[1] and Petitioner cannot meet his burden under the test outlined in *Zadvydas*. (ECF No. 13). Petitioner filed a reply on August 14, 2026 reaffirming his position. (ECF No. 16).

The key point of dispute between the parties relates to the so-called *Zadvydas* claim. As the Supreme Court held in *Zadvydas*, while the law permits an alien's detention, it doesn't do so indefinitely; there is a "reasonable time" limitation to an alien's detention. *Zadvydas*, 533 U.S. at 682. *Zadvydas* created a burden-shifting framework for determining whether detention has become unreasonable. After six months' detention, a petitioner may show that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701. It is then on

---

[1] The Court is not convinced by this argument. The prudential exhaustion requirement that Respondents claim applies is excused here. "[E]ven when courts might otherwise require exhaustion, they may excuse it when, for instance, waiver, estoppel, tolling or futility applies." *United States v. Dohou*, 948 F.3d 621, 628 (3d Cir. 2020) (internal punctuation and citation omitted); *see also Saleem v. Att'y Gen*., No. 3:25-CV-00227, 2026 WL 628252, at *4 (W.D. Pa. Mar. 6, 2026) ("[P]rudential exhaustion is not necessary where, as here, [petitioner's] 'interest in prompt access to a federal judicial forum outweighs the countervailing institutional interests.'" (quoting *Lorenzo v. Bondi*, No. 2:25-cv-0923, 2026 WL 84521, at *2 (D.N.M. Jan 12, 2026))); *Kargapolov v. Oddo*, No. 3:26-CV-00755, 2026 WL 1413057, at *2 (W.D. Pa. May 20, 2026) (finding in a similar case that the prudential exhaustion requirement is excused).

the government "to respond with evidence sufficient to rebut that showing." *Id*. If the government cannot demonstrate that removal will happen in the reasonably foreseeable future, then Section 1231(a)(6) no longer authorizes that petitioner's detention. Yet the Supreme Court clarified that "this 6–month presumption, of course, does not mean that every alien not removed must be released after six months." *Id*. Rather, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

The Court agrees with Respondents that Petitioner has not met his burden. In his petition, apart from the order withholding Petitioner's removal to his home country of Azerbaijan, Petitioner fails to allege any facts relating to the unlikelihood of his removal to any other country in the reasonably foreseeable future. (ECF No. 10). Petitioner was granted withholding of removal to Azerbaijan in December 2025, has been subject to a final order of removal since January 2026, and has been informed by ICE as recently as July 2026 that "ICE is currently working with the U.S. State Department to secure a third country of removal for [him]." (ECF No. 13-1 at 2). On the record before the Court, it appears that "[a] third country of removal is expected, and ICE has reason to believe that there is a significant likelihood that [Petitioner's] removal will occur in the reasonably foreseeable future[,]" absent any contrary facts cited by Petitioner. (*Id*.). Thus, the Court holds that Petitioner has failed to meet his burden under *Zadvydas*.[2] Consequently, the Court finds no violation of the Immigration and Nationality

---

[2] The Court finds Petitioner's other claims to be meritless. Regarding Petitioner's claim of unconstitutionality regarding his OSUP revocation, 8 U.S.C. §§ 1252(g) and 1252(b)(9) disallow Petitioner's challenge to his re-detention and OSUP revocation insofar as it deprives the Court of jurisdiction over the matter. *See Pokhrel v. Oddo*, No. 3:26-cv-01052, 2026 WL 1758206 (W.D. Pa. June 15, 2026); *Roe v. Oddo*, Civ. No. 3:25-cv-128, 2025 WL 3030692 (W.D. Pa. Oct. 30, 2025). Furthermore, it is well-settled that the Court lacks jurisdiction to enjoin a petitioner's transfer outside its jurisdiction. 8 U.S.C. § 1252(a)(2)(B)(ii) provides that "no court shall have

Act, nor a violation of Petitioner's substantive or procedural due process rights under the Fifth Amendment of the United States Constitution at this time.

AND NOW, this 2nd day of September 2026, IT IS HEREBY ORDERED that Petitioner's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 10) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

jurisdiction to review any decision or action of the Attorney General…specified under this subchapter to be in the discretion of the Attorney General....”; and the United States Court of Appeals for the Third Circuit has held that “the place of detention is left to the discretion of the Attorney General.” *Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (citing, *inter alia*, 8 U.S.C. § 1231(g)(1) (“The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal.”)). Consequently, the Court will not enjoin transfer of Petitioner. Lastly, the Court will not award attorney's fees and expenses pursuant to the Equal Access to Justice Act (“EAJA”), 28 U.S.C. § 2412(d). Under the EAJA, a court may award fees and expenses to a prevailing party against the United States. The Court holds that Petitioner is not entitled to attorney's fees under the EAJA, as he has not prevailed in this matter.